UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JIMMIE T. DEAN,                                 )          Civil Case No. C16-1821RSL
                                                )
            Plaintiff,                          )
    v.                                          )
                                                )          ORDER GRANTING KING
KING COUNTY METROPOLITAN                        )          COUNTY'S MOTION TO DISMISS
(METRO) TRANSIT SYSTEM, et al.,                 )          AND GRANTING LEAVE TO
                                                )          AMEND
            Defendants.                         )
_____)

This matter comes before the Court on the King County defendants' "Motion to Dismiss for Failure to State a Claim on Which Relief Can be Granted." Dkt. # 13. Plaintiff alleges that he was wrongfully terminated from his job with King County Metro even though he was performing adequately. He infers that he must have been discriminated against "for some unknowable reason" and postulates that his employer and/or supervisor resented having to rehire him after he took a medical leave of absence. Dkt. # 4 at 3-4. Plaintiff's complaint is titled "Complaint for Wrongful Employment Termination Violation of Title VII and Employment Discrimination." Dkt. # 4 at 1.

The King County defendants argue that plaintiff is asserting only a Title VII claim and that the claim fails as a matter of law because (1) plaintiff has not affirmatively plead that he exhausted his administrative remedies and (2) the allegations do not give rise to a plausible

ORDER GRANTING KING COUNTY'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND - 1

inference of liability.[1] Defendants' first argument is not well taken. Failure to exhaust is an affirmative defense that defendant must assert and prove. Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (9th Cir. 2007). Although plaintiff has the ultimate burden of establishing that he exhausted his administrative remedies (or that defendants waived or are otherwise estopped from insisting on exhaustion), the exhaustion issue cannot be resolved in the context of this motion to dismiss.

Nevertheless, plaintiff's allegations are insufficient in that they do not give rise to a reasonable inference of liability and/or do not adequately apprise King County of the nature of his claims and the grounds on which they are asserted. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). As currently pled, plaintiff's Title VII claim is fatally flawed. Plaintiff has not alleged that he is a member of a protected class and has therefore failed to allege facts from which one

---

[1] The County's motion was noted for consideration on June 2, 2017. On May 30, 2017, plaintiff filed a one-page response indicating that he is proceeding pro se, that motions to dismiss are disfavored, and that he is working on an amended answer. Dkt. # 17. During the past three weeks, plaintiff contacted chambers at least twice to reiterate that he intended to file a more complete response. The stated dates for filing have come and gone, however, and no further response has been submitted.

ORDER GRANTING KING COUNTY'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND - 2

could reasonably infer that he was discriminated against because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

Whether a Title VII claim is the only cause of action asserted in this litigation is difficult to discern, however. The title of the complaint uses the generic phrases "wrongful termination" and "employment discrimination" in addition to the reference to Title VII. Plaintiff may be asserting a state law claim for wrongful termination and/or a state or federal claim of disability discrimination/retaliation, but it is not clear from the record. The Court finds that the King County defendants are entitled to a more definite statement regarding the nature of the claim(s) against them and the facts on which the claim(s) rest.

For all of the foregoing reasons, plaintiff's claims against the King County defendants are hereby DISMISSED. Plaintiff is granted leave to amend his complaint to allege additional facts related to the King County defendants. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Whether plaintiff can assert a plausible claim for relief against his employer will depend on whether he can allege facts from which one could reasonably infer that King County could be liable under state or federal law. Plaintiff is hereby ORDERED to file on or before **July 28, 2017**, an amended complaint which clearly and concisely identifies the acts of which King County and/or King County Metro is accused (including specific allegations regarding his employer's motivation in terminating his employment) and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts in support of the legal claims asserted that King County (and the Court) can discern the nature and plausibility of plaintiff's claims. The amended complaint will completely replace the original and should be a self-contained statement of plaintiff's claims.

ORDER GRANTING KING COUNTY'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND - 3

Defendants need not respond to the complaint filed on November 29, 2016. The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, July 28, 2017.

Dated this 30th day of June, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge